RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/29/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GERALD ELWOOD (#22424-034) | DOCKET NO. 14-CV-3097, SEC. P |
| VERSUS | JUDGE DRELL |
| USA | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Gerald Elwood filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the Eastern District of Louisiana, and he claims that the remedy under Section 2255 is inadequate or ineffective.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

According to records from the Eastern District of Louisiana, United States v. Elwood, 2011 WL 5870544, *1 (E.D. La. Nov. 21, 2011), Elwood was sentenced on December 15, 1993, to life imprisonment after he was convicted by a jury of one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §846, two counts of committing murder in aid of racketeering activity, in violation of 18 U.S.C. §1959(a), one count of committing a violent crime in aid of racketeering

activity, in violation of 18 U.S.C. §1959(a), and two counts of violating the Federal Gun Control Act of 1968 under 18 U.S.C. §924(c)(1). Elwood's conviction was affirmed by the U.S. Fifth Circuit Court of Appeals on August 14, 1995. See United States v. Tolliver, 61 F.3d 1189 (5th Cir. 1995).

On July 29, 1997, Elwood was granted relief under 28 U.S.C. §2255, and the two counts of violating the Federal Gun Control Act were vacated. Thereafter, Elwood filed several unsuccessful §2255 motions. In September 2000 and again in September 2004, the Fifth Circuit denied Elwood's request for leave to file successive §2255 motions. In April 2005, the Fifth Circuit denied another successive §2255 motion. In December 2009, the district court denied Elwood's "Writ of Error Coram Nobis" on the ground that the motion was a disguised successive §2255 motion. See United States v. Elwood, 2011 WL 5870544, *1 (E.D. La. Nov. 21, 2011).

On April 18, 2014, Elwood filed a "Motion Pursuant to Title 28 USC 2255 (e) Which Contains the Saving Clause Under 28 USC 2241" in the Eastern District of Louisiana. The court found the petition ambiguous as to whether Elwood intended to proceed under §2241 or §2255, and asked Elwood to notify the Court as to his intent. Elwood indicated that he wished to proceed under §2241, and the case was transferred to this district court since Petitioner is incarcerated within this judicial district.

Elwood claims that he is entitled to proceed under §2241, by

way of the savings clause of 2255(e).

### *Law and Analysis*

A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000).  28 U.S.C. §2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. See <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1001 (2001).

Section 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  Petitioner claims that the remedy under §2255 is inadequate or ineffective to test the legality of his detention.

Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

3

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court.* Petitioner has not obtained permission from the Fifth Circuit Court of Appeals to file a successive 2255 motion.

A prisoner may use Section 2241 as the vehicle for attacking his conviction if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under 2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the

conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner cannot meet even the first requirement.

Petitioner claims that the Supreme Court decision of United States v. Rosemond, 134 S. Ct. 1240 (2014) applies retroactively. Rosemond involved a direct appeal from a criminal conviction, and the Supreme Court gave no indication that its decision should be given retroactive application to a case on collateral review, such as the instant action. Additionally, since the Rosemond decision, the Supreme Court has not held that Rosemond applies retroactively, and no circuit court has given Rosemond such effect. Because Rosemond has **not** been declared retroactively applicable by the Supreme Court, Petitioner cannot meet the first requirement of the savings clause.

Petitioner has failed to demonstrate that §2255 is inadequate or ineffective and that he has obtained permission to file a second §2255 motion.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition under §2241 be **DENIED AND DISMISSED** for lack of jurisdiction. As Petitioner is aware, he must obtain permission from the Fifth Circuit Court of Appeals prior to filing a second or successive

5

§2255 habeas corpus petition.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of December, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE